In the Matter of the FIRST STERLING CORPORATION, Appellant, *v.* JAMES A. LUNDY et al., Constituting the Public Service Commission of the State of New York, et al., Respondents.

Third Department, August 1, 1961.

*Paul, Weiss, Rifkind, Wharton & Garrison* (*Samuel J. Silverman* of counsel), for appellant.

*Kent H. Brown* (*George H. Kenny* and *Vincent P. Furlong* of counsel), for Public Service Commission, respondent.

*Whitman, Ransom & Coulson* (*Arthur L. Webber* and *Dugald C. Brown* of counsel), for Consolidated Edison Company of New York, Inc., respondent.

BERGAN, P. J. On May 31, 1959 Sterling Mortgage Company, Inc., was the owner of record of six one-story buildings in Queens, and under a tariff of the Consolidated Edison Company was allowed the privilege of conjunctional billing for electric service in its buildings.

In 1960 Sterling Mortgage Company which was a subsidiary of petitioner First Sterling Corporation, a Delaware corporation, consolidated with its parent corporation in pursuance of section 91 of the New York Stock Corporation Law and the petition in this proceeding alleges that thereby " all of Sterling Mortgage's rights in and to the subject premises passed by operation of law " to petitioner.

Upon learning of the consolidation the utility company refused to render bills for electricity in these buildings on a conjunctional billing basis and began to render them on a separate meter basis, on the ground that petitioner, as successor to Sterling Mortgage did not come within the terms of the tariff which authorized conjunctional billing.

The pertinent tariff provision is that conjunctional billing " is available only " to " a customer who was taking service " under such a tariff " on May 31, 1959 ".

On complaint by petitioner addressed to the Public Service Commission the Consolidated Edison's interpretation of its

tariff was sustained; and in this proceeding to review the decision of the Public Service Commission, the court at Special Term has dismissed the petition. We are of opinion the decision was warranted.

It is true, as petitioner argues, that upon consolidation it succeeded to " all the rights, privileges, franchises and interests " of its subsidiary which " shall vest in and be held and enjoyed " by petitioner " as fully and entirely and without change or diminution as the same were before held and enjoyed " by its subsidiary. (Stock Corporation Law, § 85, subd. 1; § 88; § 89; § 91, subds. 6, 10.)

There are cases which hold for a full succession to all legal rights in such a situation (e.g., *Matter of Bergdorf,* 206 N. Y. 309; *McElwain* v. *Primavera,* 180 App. Div. 288). These cases, however, do not quite touch upon the precise problem before us which turns upon the specific language of the tariff.

As we read the tariff, conformably to the construction given it in turn by the utility, the commission and the Special Term, it is not a right of general legal succession that is involved, but rather a problem of identity. Conjunctional billing is available, so runs the tariff, " only to " a " customer who " was actually " taking service " on a particular date. Literally petitioner is unable to bring itself within these words.

A " customer who " and a different entity which may by the assignment or succession of right deriving from operation of law come into the legal rights of such a customer are not the same thing. A tariff privilege enjoyed by a customer on a particular date, and " only " by such a customer, may be so uniquely a personal thing as to be lost by any alteration of status.

There can be no doubt that the " customer who " was getting the benefit of conjunctional billing in 1959 is not the " customer who " has become the petitioner in this proceeding. A status which entitles one to special privileges in preferential utility rates not shared by the general public may be lost to a successor upon a change of status.

The commission has followed a consistent policy in the interest of public service, as it views that interest, of abolishing and circumscribing extensions of submetering and its resultant conjunctional billing, and of limiting them rigidly, a policy which has had judicial sanction (*Matter of Campo Corp.* v. *Feinberg,* 279 App. Div. 302, affd. 303 N. Y. 995). It was there noted in this court, among other things, that customers of a utility have " no vested rights " in the " practice of submetering " (p. 306).

Even if the whole question of tariff construction were more freely debatable than we think it is, we would not readily

attribute unreasonableness to the commission's interpretation of the tariff which it supervises.

The order should be affirmed, with $10 costs.

GIBSON, HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Order affirmed, with $10 costs.