■ In the Matter of IMPERIAL MANUFACTURING COMPANY, Appellant, v STATE TAX COMMISSION OF THE STATE OF NEW YORK et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained the assessment of a compensating use tax pursuant to section 1110 of the Tax Law. The facts are undisputed. Petitioner manufactures wallpaper using engraved metal cylinders to print the patterns on the paper. Petitioner purchased blank cylinders out of State and sent them to another out-of-State company for engraving. After they were engraved, petitioner brought the engraved cylinders into New York and used them in its factory. As a result of an audit for the period from June 1, 1976 to May 31, 1979, respondent assessed a compensating use tax against petitioner for the receipt of the service of the engraving upon its cylinders. Petitioner paid the deficiency and sought a refund before respondent. Respondent upheld the assessment, with an adjustment of the amount involved. Petitioner then commenced this CPLR article 78 proceeding to challenge respondent's determination. The sole question presented in this proceeding concerns the applicability of the exemption from the sales and use taxes provided by section 1115 (subd [a], par [12]) of the Tax Law to the instant case. That statutory exemption provides, *inter alia,* that: "(a) Receipts from the following shall be exempt from the tax on retail sales imposed under subdivision (a) of section eleven hundred five and *the compensating use tax imposed under section eleven hundred ten:* * * * (12) Machinery or equipment for use or consumption directly and predominantly in the production of tangible personal

property * * * for sale, by manufacturing [or] processing * * * but not including parts with a useful life of one year or less" (Tax Law, § 1115; emphasis added). The issue here involves a statutory exemption and, therefore, the statute must be construed against the taxpayer "although the interpretation should not be so narrow and literal as to defeat its settled purpose" (*Matter of Grace v New York State Tax Comm.*, 37 NY2d 193, 196; see, also, *Matter of Burger King v State Tax Comm.*, 70 AD2d 447, 452, mod on other grounds 51 NY2d 614). As this court noted in *Matter of Burger King v State Tax Comm.* (*supra*, p 453), the purpose of the subject exemption is to avoid double taxation in the production of tangible goods. Since the statutory exemption at issue here applies only to "machinery and equipment" (Tax Law, § 1115, subd [a], par [12]), we are unable to conclude that it was irrational for respondent to determine that engraving *services* are not included in the exemption (cf. *Matter of Sandy Hill Corp. v State Tax Comm.*, 61 AD2d 550, 552). Petitioner also argues that to uphold the tax defeats the purpose of the subject exemption section, which is to avoid double taxation. Indeed, there exists an element of double taxation in this situation because the ultimate consumers of the engraving services are the purchasers of the wallpaper.[*] However, the fact that a business expense is passed on to the consumer does not by itself entitle petitioner to an exemption (see *Matter of Mohawk Airlines v Tully,* 75 AD2d 249; *Matter of Niagara Mohawk Power Corp. v Wanamaker,* 286 App Div 446, 448-449, affd 2 NY2d 764). Moreover, the fact remains that the statute in question does not provide an exemption for the receipt of services. It is noteworthy that elsewhere in the statute creating the exemption at issue herein, the Legislature expressly referred to "service" or "services" when such was intended to be exempt (see Tax Law, § 1115). The determination should, therefore, be confirmed. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

---

[*] It is not disputed that the full value of the cylinders, including the cost of the engraving, was capitalized and included in the selling price of the wallpaper.