In the Matter of W. T. WANG, INC., Petitioner, v STATE OF NEW YORK, STATE TAX COMMISSION, DEPARTMENT OF TAXATION AND FINANCE, Respondent.

Third Department, December 5, 1985

### APPEARANCES OF COUNSEL

*Kissam, Halpin & Genovese (James J. Harrington, Robert C. Boneberg* and *David Isaacson* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Julie S. Mereson* and *Nancy A. Spiegel* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

Petitioner publishes *The World Journal,* a daily newspaper

circulated in New York City. During the period at issue, petitioner subscribed to telephone service from New York Telephone Company. Each telephone bill reflected the sales tax assessed on three distinct categories of customer service furnished to petitioner, namely, (1) monthly charge for service, (2) local usage, and (3) directory assistance and toll calls. As a newspaper, petitioner sought a refund under Tax Law § 1115 (b) (i) which provides, in pertinent part: "Telephony and * * * telephone * * * service used by newspapers * * * in the collection or dissemination of news shall be exempt from [sales] tax * * * if the charge for such services is a toll charge or a charge for mileage services, including the associated station terminal equipment." Because 80% of petitioner's telephone service involved the collection or dissemination of news, it applied for a refund in an amount equal to 80% of the sales tax it had paid on its total telephone service bill, or $68.84.

The Audit Division of the Department of Taxation and Finance agreed to refund 80% of the sales tax petitioner had paid for directory assistance and toll calls, but rejected the remainder of petitioner's claim. Following a formal hearing, respondent concluded that the portion of petitioner's bill labeled "local usage" was not includible in the exemption of Tax Law § 1115 (b) (i) and, also, that petitioner had presented no evidence that any of its telephone service costs were occasioned by mileage services. Respondent did, however, modify the Audit Division's determination by granting petitioner a further refund of $19.86 for that portion of the monthly service charge allocable to associated station terminal equipment used for toll calls. Petitioner then commenced this CPLR article 78 proceeding, reasserting its right to an exemption to the extent of 80% of the total sales tax paid.

Resolution of this dispute hinges on the interpretation of Tax Law § 1115 (b) (i) and particularly the term "toll charge". Because neither the statute nor its legislative history explains or defines that phrase, both parties suggest that the tariffs issued by the Public Service Commission (PSC), which were in effect in 1965 when Tax Law § 1115 (b) (i) was enacted, lend substance to the respective statutory constructions they espouse. The tariff's definition of "message toll service" is conceded by both to be pivotal. That definition states, in part, as follows: "Message toll telephone service is that of furnishing facilities for telephone communication between telephones in

different local calling areas in accordance with the regulations and schedules of charges specified in this tariff."

Petitioner contends that the words "different local calling areas" make it apparent that toll charges represent any telephone call where the rate charged is based on time and distance. Moreover, petitioner notes that, with respect to calls made within the "New York Metropolitan Exchange Area", the PSC tariffs provide for calculation of local usage charges on the basis of time and distance. From this petitioner reasons that telephone bills for services commonly thought of as local service and identified by the telephone company as "local usage" are in reality toll charges for purposes of the statute. Respondent finds this interpretation objectionable in that it would exempt from sales tax every call made from a business, as all such calls are, according to petitioner, tolled by time and distance. Respondent argues that if that explanation is adopted, petitioner could never make a local call and, had the Legislature intended such a result, it would not have written the statute as it did.

Respondent's perception of the statute is that "toll charges" are distinct from local calls and that local service or "local usage", as that service is described in the telephone company's billings, and toll service are mutually exclusive. It also looks to the phrase "different local calling areas" employed in the PSC definition of "message toll telephone service". However, respondent points out that the tariff further defines "different local calling areas" as being areas "within which a subscriber for exchange service may make telephone calls *without a toll charge*" (emphasis supplied). Furthermore, respondent observes that "local service" is defined as the "[t]elephone exchange service within a local calling area".

Although the statutory construction advanced by petitioner has considerable appeal, it lacks sufficient vigor to carry, as it must, the burden of demonstrating clear and unambiguous entitlement to the broad exemption claimed (*Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 196; *Matter of Imperial Mfg. Co. v State Tax Commn.*, 99 AD2d 874). As the tariffs do indeed recognize a substantive distinction between toll and local charges, respondent's interpretation of the exemptive language must be indorsed; not only is it plausible and reasonable, but it comports with the ordinary meaning of those words (McKinney's Cons Laws of NY, Book 1, Statutes § 94; *Matter of Manhattan Pizza Hut v New York State Human Rights Appeal Bd.*, 51 NY2d 506, 511). Respondent's

denial of a refund of sales taxes assessed on petitioner's local usage charge was, therefore, proper.

Nor do we find cause to disturb the decision denying a refund of the tax imposed on petitioner's monthly service charge. Tax Law § 1115 (b) (i) exempts from sales tax toll charges or mileage services "including the associated station terminal equipment". Petitioner submits that the latter phrase "is an addition to the exemptions, and stands as an addition without limitation". Respondent construes "associated" to mean that, in order to qualify for exemption, the charge for station terminal equipment must be associated with either toll or mileage charges. Again, we find respondent's interpretation neither unreasonable nor irrational and, therefore, uphold it. Because only some of petitioner's charges for telephone calls are exempt, respondent properly limited the tax exemption for associated terminal station equipment to that portion of the monthly service charge allocable to exempt toll charges.

We have considered petitioner's remaining arguments and find them unpersuasive.

MAHONEY, P. J., MAIN, WEISS and HARVEY, JJ., concur.

Determination confirmed, and petition dismissed, with costs.