■ In the Matter of NEWARK FLORISTS, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a sales tax assessment imposed under Tax Law article 28.

The undisputed facts are as follows. Petitioner, a New York corporation, is in the business of producing floricultural and horticultural products for sale. In connection with this business, petitioner purchased materials to construct "Canadian Greenhouses", growing chambers consisting of metal frames covered by two layers of polyethylene. In constructing the

greenhouses, 2½-foot stakes are driven into the ground approximately 36 inches and the metal frame is then bolted to the stakes. The frame is assembled using bolts rather than permanent welds. When constructed, the standard "Canadian Greenhouse" is 10 to 11 feet high, 96 feet long and from 16 to 18 feet wide. Although the greenhouses may be used year round and are able to withstand harsh weather, they may be disassembled, moved and reassembled.

After an audit, the Department of Taxation and Finance determined that petitioner was not entitled to a sales tax exemption which it had claimed under Tax Law § 1115 (a) (6), and that petitioner was therefore liable for sales tax in the amount of $10,071.56 plus interest. Petitioner filed a petition for redetermination and cancellation of the tax, asserting that the materials purchased for construction of the greenhouses were exempt from tax because the greenhouses were "temporary, movable personalty" (see, Tax Law § 1115 [a] [6]). After a hearing, respondent adopted petitioner's proposed findings of fact but denied petitioner's request for redetermination. Petitioner then commenced this CPLR article 78 proceeding in Supreme Court, Monroe County. Venue was changed to Albany County, and the proceeding was transferred to this court.

Under Tax Law § 1115 (a) (6), "[t]angible personal property * * * for use * * * in the production for sale of tangible personal property by farming" is exempt from sales tax unless it is "property incorporated in a building or structure". The operation of a greenhouse is included in the term "farming" under that section and there is no dispute that petitioner's operation falls within the operation described by the statute. Accordingly, the issue distills to a consideration of whether the property purchased by petitioner was incorporated into a "building" or "structure". Petitioner argues that the greenhouse is not a building or structure because it can be disassembled and reassembled as desired. Respondent asserts that, despite its lack of permanency, the greenhouse is a *structure* and thus is not exempt from sales tax.

We fail to find respondent's determination irrational and therefore confirm (see, Matter of Imperial Mfg. Co. v State Tax Commn., 99 AD2d 874, lv denied 63 NY2d 604). Despite their removability, the record indicates that "Canadian Greenhouses" have a high degree of permanence and strength. They are of considerable size and weight and are able to withstand the elements. Indeed, as is noted by respondent, it is apparent that their "most effective utilization does not include taking

them down and re-erecting them". Based upon the above, respondent could rationally conclude that the greenhouses were a structure within the meaning of Tax Law § 1115 (a) (6) and, therefore, purchases of material to construct the chambers were not exempt from sales tax.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.