OPINION OF THE COURT
John G. Connor, J.
Petitioners move pursuant to CPLR article 78 for a declaratory judgment, asking that opinion No. 89-29 (29 PSC —) issued by the respondent, the Public Service Commission of the State of New York (PSC) issued on September 12, 1989 (No. 89-E-041), be declared invalid.
Petitioners argue that the PSC exceeded its statutory authority in determining rates based upon nonsales and in establishing rates initiated from the benefits of the direct demand side management (DSM) program expenditures. Petitioners assert that establishing rates upon the nonuse of electricity and employing a formula which calculates potential savings exceeds the PSC authority. Its effect, petitioners contend, implements public policy reserved exclusively to the legislative branch of government.
Under the DSM program, previously passed by the New York Legislature, the PSC is authorized to take into consideration the cost of promoting conservation needs as it relates to the demand for electricity. By encouraging the consumer to conserve, a built-in factor would be given to compensate the utility for the loss of revenue from the nonuse of electricity. Respondents argue that such conservation measures have a protracted saving to the consumer in the cost of building additional power plants necessary to meet the increasing demand in the consumption of electricity.
The DSM program effectuates a plan whereby the utilities are compensated for the profits lost from the consumers’ nonuse. The rationale employed under the DSM plan is that there should be an adjustment in the rate as between the utility and the consumer as to projected savings resulting from the cost of capital investment necessary to meet consumers’ growing needs. Petitioners contend that the DSM program may not in this instance be applied by respondent PSC and be considered as to the plans as submitted by the respondent Orange & Rockland Utilities Inc. (O&R) and respondent Niagara Mohawk Power Corporation (NM) to the PSC.
Petitioners challenge PSC rate-making powers and contend that its authority does not include fixing such rates based *759 upon the nonuse of electricity. In addition the petitioners maintain that the authority of the Public Service Commission falls within the proscription as set forth in Boreali v Axelrod (71 NY2d 1). Under Boreali, the question was whether the legislative branch of government may delegate its fundamental policy-making responsibilities to an administrative agency. Boreali proclaimed that the legislative branch may not delegate all of its lawmaking powers to the executive branch (administrative agency). Comparing the Boreali case to the at hand, petitioners argue that there is a limited power in setting rates by the PSC. By correlating the instant case to Boreali, petitioners assert that the rate-making power of PSC as granted by the Legislature is limited in nature. Petitioners contend any delegation of authority may not include matters of public policy as here where the rates are based on general conservation measures.
The general principle regarding separation of powers as applied in the Boreali case (supra) must be distinguished from the case at hand. The nonuse of electricity as it will effect the underlying cost to produce a profit divided equitably between the stockholder and the consumer should be determined by the expertise and technical competency of the administrative agency (PSC).
The Boreali case (supra)* must be separated from the instant matter. Here the Legislature has clearly defined that the administrative body (PSC) is empowered with rate-making authority. In Matter of Abrams v Public Serv. Commn. (67 NY2d 205, 211-212 [1986]), the court stated: "Setting utility rates presents 'problems of a highly technical nature, the solutions to which in general have been left by the Legislature to the expertise of the Public Service Commission’ (Matter of New York State Council of Retail Merchants v Public Serv. Commn., 45 NY2d 661, 672). Thus, Public Service Law § 72 empowers the PSC to consider all factors 'which in its judgment’ are relevant 'with due regard among other things to a reasonable average return upon capital actually expended’. The PSC is free to entertain or ignore any particular factor, or to assign whatever weight it deems appropriate (see, Matter of Cohalan v Gioia, 88 AD2d 722; Matter of New York Tel. Co. v Public Serv. Commn., 64 AD2d 232, 239, lv denied 46 NY2d *760 710). Section 72 mandates only that the rates fixed by the PSC be 'just and reasonable’ and, consequently, unless it is shown that the judgment of the PSC was exercised 'without any rational basis or without any reasonable support in the record’, its determination is not to be set aside (Matter of New York State Council of Retail Merchants v Public Serv. Commn., supra, at p 672; see also, Matter of Campo Corp. v Feinberg, 279 App Div 302, 307, affd 303 NY 995).”
Only when the exercise of the PSC’s judgment can be shown to be without any rational basis or any reasonable support in the record is it generally accepted that the Public Service Commission in setting rates is not acting within its authority. A long history has established that the business of rate making has been confided by the Legislature to a body of experts with powers of inquiry not to be condemned simply so the court may adopt a plan in compliance with its own views. (See, City of Rochester v Rochester Gas & Elec. Corp., 233 NY 39, 49; Matter of Consumer Protection Bd. v Public Serv. Commn., 97 AD2d 320 [3d Dept 1983]; Matter of New York Tel. Co. v Public Serv. Commn., 98 AD2d 535; Matter of Long Is. Light. Co. v Public Serv. Commn., 134 AD2d 135 [3d Dept 1987].)
Respondent Orange & Rockland Utilities, Inc., in addition to contesting the validity of the petition, disputes that the petitioners lack standing to contest that portion of opinion No. 89-29 as it applies to Orange & Rockland. Under the three-prong test as to whether the petitioners have legal standing O&R argues that the administrative decision for which review is sought must be shown to have a harmful effect upon the party asserting standing. O&R recites Matter of City of New York v City Civ. Serv. Commn. (60 NY2d 436, 442-443) and Dairylea Coop, v Walkley (38 NY2d 6, 9). It is not clear as to what the petitioners’ legal standing is.
Irrespective as to whether petitioner multiple intervenors have legal standing, the court finds on its merit that opinion No. 89-29 issued by the respondent, the Public Service Commission issued September 12, 1989, is valid.
The application to allow respondent Consolidated Edison Company of New York, Inc., and respondent Orange & Rock-land as intervenors is hereby granted.
The petition is hereby dismissed.

 Boreali v Axelrod (71 NY2d 1) found that the Public Health Council overstepped its boundaries of its lawfully delegated authority when it promulgated a comprehensive code to govern smoking in areas that are open to the public.