In the Matter of MULTIPLE INTERVENORS, Appellant, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent, and ORANGE AND ROCKLAND UTILITIES, INC., et al., Intervenors-Respondents.

Third Department, May 9, 1991

## APPEARANCES OF COUNSEL

*Couch, White, Brenner, Howard & Feigenbaum (Algird F. White Jr., Barbara S. Brenner* and *Leonard H. Singer* of counsel), for appellant.

*William J. Cowan (Larry G. Malone* and *James W. Brew* of counsel), for respondent.

*Nixon, Hargrave, Devans & Doyle (Stanley W. Widger Jr., Andrew Gansberg* and *Kevin G. Martin* of counsel), for Orange and Rockland Utilities, Inc., intervenor-respondent.

*Peter Garam* and *Larry Carbone* for Consolidated Edison Company of New York, Inc., intervenor-respondent.

*Andrew B. Stegemoeller* for William B. Hoyt, *amicus curiae.*

*David R. Wooley* for Center for Environmental Legal Studies and another, *amici curiae.*

## OPINION OF THE COURT

LEVINE, J.

In this CPLR article 78 proceeding, petitioner, an unincor-

porated association of large-scale electricity customers of, among others, Niagara Mohawk Power Corporation (hereinafter NiMo) and intervenor Orange and Rockland Utilities, Inc. (hereinafter O & R) challenged the validity of Opinion No. 89-29, rendered by respondent, Public Service Commission (hereinafter the PSC), which authorizes certain recoveries to NiMo and O & R in subsequent rate proceedings related to their respective demand side management (hereinafter DSM) programs. DSM programs are campaigns and other measures which utilities undertake to encourage energy conservation by their customers, either by over-all reductions in consumption of electricity or by reducing such consumption during peak demand hours. The PSC has been actively promoting adoption and implementation of DSM programs in various opinions and orders since 1984. In a July 1988 opinion and order, the PSC acknowledged the legitimate concerns of utilities that successful DSM programs, albeit beneficial to utility customers and society at large, will serve to reduce their revenues and profits. The PSC concluded that "the way to resolve [this dilemma] is through revised ratemaking, not through de-emphasis of conservation". To that end, the 1988 opinion and order directed electric utilities to submit rate-making proposals to the PSC with their DSM plans which, in effect, would reward utilities for achieving energy savings through their DSM programs.

The opinion of the PSC under review in this proceeding was rendered in response to the submission of proposals by NiMo and O & R pursuant to the previous PSC order, after interested parties were given an opportunity to appear and comment. The opinion permits NiMo and O & R to recover in rates (1) the prudently incurred direct costs of their DSM programs, (2) their net lost revenues attributable to the energy conservation achieved through the DSM programs, and (3) incentive payments consisting of a portion (20% for O & R, 10% for NiMo) of the dollar savings in reduced consumption of electricity caused by the DSM programs. Petitioner appeals from Supreme Court's dismissal of the petition (147 Misc 2d 757).

█ Petitioner's first ground for reversal and invalidating Opinion No. 89-29 is that, in granting NiMo and O & R rate recovery for lost profits and incentive payments based upon *reduced* consumption of electricity, the PSC engaged in social policymaking without legislative authorization under the Public Service Law (citing *Boreali v Axelrod,* 71 NY2d 1). Petition-

er's essential argument is that, under the Public Service Law, electric utility customers may only be charged and the PSC may only set rates for electrical services rendered (citing Public Service Law § 65 [1]; § 66 [16]). Moreover, a utility's expenditures are only recoverable if undertaken prudently to provide electric service. It follows, according to petitioner, that the PSC cannot authorize charges or base rates on the *nonprovision* of electrical service, merely on the agency's own social policy favoring energy conservation. We disagree.

First, petitioner's narrow view of the PSC's rate-setting authority as being restricted to imposing only charges directly related to the provision of electrical service is simply not supported by the case law. Petitioner's contention that rate recovery must be based upon the production, sale or distribution of electricity is, for example, inconsistent with *Matter of Abrams v Public Serv. Commn.* (67 NY2d 205), where the Court of Appeals upheld rate recovery of the cost of a utility's pump storage facility despite the facility having been abandoned before ever contributing to the production of electricity. The courts have permitted rate charges and rate differentials that were based upon a wide variety of factors not directly related to the provision of utility services or the quantity or quality thereof *(see, e.g., Matter of New York State Council of Retail Merchants v Public Serv. Commn.,* 45 NY2d 661, 665 [for energy conservation]; *Matter of MCI Telecommunications Corp. v Public Serv. Commn.,* 108 AD2d 289, 297 [for preservation of competition among telephone utilities]; *Matter of Burstein v Public Serv. Commn.,* 97 AD2d 900, 901-902 [incentive rate for avoidance of plant construction cost overruns]; *Matter of Cohalan v Gioia,* 88 AD2d 722, 723 [rates partially based upon economic impact on the service area]).

Similarly unavailing is petitioner's contention that the PSC, in providing for recovery of lost profits and incentive payments for DSM programs, adopted its own social policy vision without the benefit of any legislative direction. The most notable legislative charge for the PSC to promote energy conservation is Public Service Law § 5 (2), directing the PSC to "encourage all persons and corporations subject to its jurisdiction to formulate and carry out long-range programs * * * for the performance of their public service responsibilities with *economy, efficiency, and care for* * * * *the conservation of natural resources*" (emphasis supplied). There could hardly be a more explicit mandate. "[C]onservation of resources has become an avowed legislative policy embodied in the [PSC's]

enabling act" *(Matter of Consolidated Edison Co. v Public Serv. Commn.,* 47 NY2d 94, 103, *revd on other grounds* 447 US 530).* Since the Legislature and not the PSC has, thus, chosen the end to be accomplished, has given the PSC broad discretion to choose the means of achieving the legislative objective, and the PSC's choice of rate-making incentives for effective DSM energy conservation programs embodied in Opinion No. 89-29 clearly bears a reasonable relationship to the purpose of the enabling legislation, the challenge to the PSC determination withstands any objections based upon *Boreali v Axelrod (supra) (see, Matter of New York State Health Facilities Assn. v Axelrod,* 77 NY2d 340, 348-349; *Matter of Citizens for an Orderly Energy Policy v Cuomo,* 159 AD2d 141, 157-159, *lv granted* 77 NY2d 804).

■ Petitioner's remaining points do not require extended discussion. No hearing was required for this proceeding before the PSC *(see, Matter of Burstein v Public Serv. Commn., supra,* at 901). Therefore, it was not incumbent upon the PSC to support its determination by pointing to substantial evidence in the record that the costs of the approved DSM programs of NiMo and O & R are prudently incurred before determining that they will generally be recoverable. Rather, the appropriate test is whether the determination was arbitrary and capricious and lacked a rational basis *(see, Matter of Christopher v Phillips,* 160 AD2d 1165, 1167, *lv denied* 76 NY2d 706). Under the PSC's DSM-related orders and opinions, the prudence of DSM expenditures by any utility will be reviewed when submitted as part of the utility's biennial DSM program. Under Opinion No. 89-29, the recovery of DSM program costs will be made through each utility's fuel adjustment clause. Thus, the PSC will have the right to make retroactive adjustments of the rates if the expenditure in question is found not to have been prudently incurred *(see, Matter of Niagara Mohawk Power Corp. v Public Serv. Commn.,* 69 NY2d 365, 372-373). In the absence of anything in the record demonstrating that the DSM programs will *not* be cost-effective in achieving energy conservation, petitioner has failed to sustain its burden of showing the irrationality or arbitrariness of the PSC's determination *(see, Matter of New York State Council of Retail Merchants v Public Serv. Commn.,* 45 NY2d 661, 673-674, *supra).* Likewise, petitioner has failed to show that the recoveries authorized by Opinion No. 89-29 will conflict with any limitations on recoveries for the particular kinds of energy conservation measures provided under the Home Insu-

lation and Energy Conservation Act (Public Service Law art VII-A).

Finally, petitioner's objection to the propriety of the use of the fuel adjustment clause for the rate recovery provided under Opinion No. 89-29 *(see,* 16 NYCRR 136.55-136.58) was not raised before the PSC. Hence, petitioner is precluded from seeking judicial review of that issue *(see, Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375).

For all the foregoing reasons, Supreme Court's dismissal of the petition should be affirmed.

MAHONEY, P. J., MIKOLL, CREW III and HARVEY, JJ., concur.

Judgment affirmed, with one bill of costs.