■ In the Matter of CONSOLIDATED COMMUNICATION CONSULTANT SERVICES, INC., et al., Appellants, v NEW YORK STATE PUBLIC SERVICE COMMISSION et al., Respondents. [600 NYS2d 785] —Mercure, J. Appeal from a judgment of the Supreme Court (Conway, J.), entered April 23, 1992 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* review a determination of respondent Public Service Commission approving respondent New York Telephone Company's interpretation of a tariff.

Petitioner Consolidated Communication Consultant Services, Inc. (hereinafter petitioner) is a corporation engaged in auditing telephone bills issued to its clients by respondent New York Telephone Company (hereinafter respondent). Petitioner is authorized by its clients to conduct audits of the clients' telephone bills, request refunds from respondent for

any overcharges discovered and initiate proceedings with respondent Public Service Commission (hereinafter the PSC) to resolve any disputes.

Pursuant to a tariff that respondent filed with the PSC in 1980, respondent paid simple interest on overcharged amounts refunded to its customers. Specifically, the tariff provided that "[s]imple interest at the same rate paid on deposits [that are held by respondent] is applied to all overbilling credits". For several years prior to June 28, 1991, respondent interpreted this tariff as requiring that simple interest must be paid on overcharges at the rate that is in effect at the time that the refund is issued.* Thus, for example, if respondent overbilled a customer in 1986, when the interest rate on deposits held by respondent was 9%, and the customer did not discover the overcharge and request a refund until 1987, when the interest rate on deposits was 6.75%, respondent would apply the rate that was in effect in 1987.

In 1989, petitioners complained to the PSC, asserting that respondent's policy of applying the interest rate in effect at the time the refund is made is contrary to the express terms of the tariff. Petitioners sought to require that respondent calculate interest on overcharges at the rate that was in effect for deposits held by respondent at the time that the overcharges were incurred. The PSC eventually determined that respondent's interpretation of the tariff was reasonable. Petitioners thereafter commenced this CPLR article 78 proceeding challenging the PSC's determination and alleging that respondent's interpretation of the tariff was unjust and unreasonable within the meaning of Public Service Law § 91 (1). Supreme Court dismissed the petition. Petitioners now appeal.

We affirm. Contrary to petitioners' assertion, it is our view that the PSC's determination should be afforded deference because it involved weighing the potential costs associated with reopening settled overcharge cases and consideration of other policy factors affecting a public utility's operation and management (see, Matter of New York State Cable Tel. Assn. v New York State Pub. Serv. Commn., 125 AD2d 3, 6; International Condominium Corp. v New York Tel. Co., 46 AD2d 719; Matter of First Sterling Corp. v Lundy, 14 AD2d 193, affd 11 NY2d 836; cf., Triomphe Disc Corp. v Chilean Line, 93 AD2d

---

* In June 1991, the PSC approved respondent's revised tariff, effective June 28, 1991, changing the interest paid by respondent from the "current" rate in effect at the time of reimbursement to the "historical" deposit rates in effect at the time the overbilling occurred.

228, 231). We therefore reject petitioners' argument that the issue is one of simple interpretation of contract language.

Moreover, the PSC's interpretation of the tariff is not contrary to its plain language *(cf., Matter of SIN, Inc. v Department of Fin.,* 71 NY2d 616, 620). The tariff is subject to differing reasonable interpretations and the PSC was free to adopt respondent's interpretation *(see, Matter of W. T. Wang, Inc. v State of N. Y., State Tax Commn., Dept. of Taxation & Fin.,* 113 AD2d 189, 191). We also reject petitioners' contention that the interpretation of the tariff adopted by respondent and the PSC is irrational because it is contrary to business custom. The method by which banks pay interest is irrelevant to the PSC's determination as to whether sound policy dictates retroactive application of an alternative tariff interpretation. In any event, respondent holds the overbilled amounts unwittingly, unlike banks which are essentially in the business of paying interest on moneys held. Finally, petitioner's de novo attack on the validity of respondent's interpretation under Public Service Law § 91 (1) is similarly meritless.

Mikoll, J. P., Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.