[604 NYS2d 316]

In the Matter of OWNERS COMMITTEE ON ELECTRIC RATES, INC.,
Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF
NEW YORK et al., Respondents.

Third Department, December 2, 1993

## APPEARANCES OF COUNSEL

*Seham, Klein & Zelman,* New York City *(Joel R. Dichter, Martin C. Seham* and *David O. Klein* of counsel), for petitioner.

*William J. Cowan,* Albany *(Lawrence G. Malone* of counsel), for Public Service Commission of the State of New York, respondent.

*John D. McMahon,* New York City *(Edwin W. Scott, Martin F. Heslin* and *Neil H. Butterklee* of counsel), for Consolidated Edison Company of New York, Inc., respondent.

## OPINION OF THE COURT

CASEY, J.

After some seven years without a rate increase, respondent Consolidated Edison Company of New York, Inc. (hereinafter Con Ed) filed a request for a $469.5 million rate increase in May 1991. Con Ed's request also sought permission to make second- and third-stage filings in 1992 and 1993 to recover anticipated increases in certain expenses. Respondent Public Service Commission (hereinafter the PSC) held public statement and evidentiary hearings to address the issues raised by Con Ed's filing. PSC staff (hereinafter Staff) opposed the rate increase and participated in the hearings as Con Ed's adversary. Petitioner, an association of commercial Con Ed ratepayers, intervened and also opposed the rate increase.

After the close of the hearings, Con Ed and Staff participated in settlement conferences, some of which were also attended by other parties, including petitioner. In January 1992, Staff and Con Ed reached a proposed settlement agreement which was sent to all parties and filed with the PSC. The PSC solicited comments on the proposed settlement from interested parties and petitioner submitted comments. The PSC voted to approve the settlement agreement with certain modifications and solicited comments addressing the modifications. Petitioner again submitted comments and also requested a hearing to consider the propriety of the entire settlement agreement. In the determination to be reviewed in this proceeding, the PSC adopted the modified settlement

agreement and denied petitioner's request for additional hearings.

■ Petitioner first claims that before the PSC could adopt the settlement agreement, new hearings were required on the propriety of the agreement. Petitioner's claim is premised on the theory that the settlement agreement itself constituted a "major change" *(see,* Public Service Law § 66 [12] [c]), which triggered the mandatory hearing requirement of Public Service Law § 66 (12) (f). We disagree. The rate increase requested by Con Ed sought a "major change" within the meaning of the statute, and hearings were held to permit development of the record on the issues raised by the requested increase *(see, Matter of New York Tel. Co. v Public Serv. Commn.,* 59 AD2d 17, 19, *lv denied* 42 NY2d 810). The settlement agreement was not the equivalent of a new filing seeking a different "major change"; it was negotiated within the context of the original request for a rate increase and sought to resolve the issues created by the original request. That some of the provisions in the settlement agreement were not considered at the hearing does not mean, as petitioner contends, that additional hearings were required. In exercising its independent judgment as to rate making, the PSC is not limited to data presented at the hearings and conclusions recommended by the parties at the hearings *(Matter of Rochester Gas & Elec. Corp. v Public Serv. Commn.,* 135 AD2d 4, 10, *appeal dismissed* 72 NY2d 840; *see, Matter of Brooklyn Union Gas Co. v Public Serv. Commn.,* 101 AD2d 453, 455-456).

Petitioner next contends that the PSC failed to consider the economic impact of the settlement agreement on Con Ed's ratepayers. As long as the rates fixed by the PSC are just and reasonable and a rational basis exists for the judgment exercised by the PSC, the factors to be considered and the weight to be given them are matters for the PSC to decide *(Matter of Rochester Gas & Elec. Corp. v Public Serv. Commn., supra,* at 8). In any event, it is clear from the record that the PSC did, in fact, give due consideration to economic impact.

■ Included in the settlement agreement approved by the PSC is a "revenue decoupling" device which separates or "decouples" sales from profits in the ratesetting process. The electric revenue adjustment mechanism (hereinafter ERAM) requires that a forecast of sales revenues be made and included in the rates at the beginning of the year. If the actual sales revenues for that year are lower than forecast, Con Ed collects the revenue shortfall from its ratepayers in increased

rates; if the revenues are higher than forecast, Con Ed returns the overage to its ratepayers through decreased rates. The purpose of ERAM is to remove Con Ed's disincentive to implement demand-side management programs which seek to reduce ratepayers' use of electricity and promote conservation.

We reject petitioner's contention that ERAM, as applied to the second- and third-stage filings, will violate the full hearing requirement of Public Service Law § 66 (12) (f) *(see, Matter of Kessel v Public Serv. Commn.*, 136 AD2d 86, 92-93, *lv denied* 72 NY2d 805). Nor is there any merit in petitioner's claim that ERAM results in retroactive rate making; it is a prospective rate adjustment based upon actual experience *(see, Matter of Niagara Mohawk Power Corp. v Public Serv. Commn.*, 69 NY2d 365, 370-371). Although petitioner claims that ERAM will frustrate conservation efforts, there is nothing in the record to support this claim. ERAM was designed to remove Con Ed's traditional disincentive to implement demand-side management programs, which is a legitimate conservation-based objective *(see, Matter of Multiple Intervenors v Public Serv. Commn.*, 166 AD2d 140). Also lacking in merit is petitioner's claim that ERAM shifts stockholder risk to ratepayers. Ratepayers benefit not only from the conservation-based objective of ERAM, but also in the form of decreased rates if actual revenues exceed the forecast.

■ We reject petitioner's claim that the rates set in the settlement agreement are not justified by evidence in the record and are based on speculation. Under the appropriate standard of review for the PSC's determination *(see, Matter of New York State Council of Retail Merchants v Public Serv. Commn.*, 45 NY2d 661, 672), it has not been shown that the PSC's judgment was exercised without any rational basis or without any reasonable support in the record. That Staff changed its position after initially opposing any rate increase does not, in our view, render irrational the PSC's decision to grant a rate increase in an amount substantially less than that requested by Con Ed.

■ Petitioner's final arguments are directed at the rate of return permitted by the settlement agreement. The permitted return on equity is approximately 1% greater than the return which the traditional methodology would have yielded. The 1% "stay-out" premium was granted because of Con Ed's agreement not to seek a general rate increase for three years, and, as explained in the PSC's decision, was "bottomed on the same logic underlying the observable difference between one-

year and three-year Treasury Bill rates". We see nothing improper in the use of the "stay-out" premium *(cf., Matter of City of New York v Public Serv. Commn.,* 17 AD2d 581, *lv denied* 13 NY2d 594). Petitioner also objects to the 52% common equity ratio component of the capital structure used by the PSC. Although the PSC had used a 50% common equity ratio component for Con Ed in the past, the PSC relied upon evidence to show that changes in the extrinsic business conditions justified an increased common equity ratio. We see nothing in the PSC's consideration of these factors that would permit us to disturb the determination *(see, Matter of New York Tel. Co. v Public Serv. Commn.,* 64 AD2d 232, 239, *lv denied* 46 NY2d 710).

WEISS, P. J., YESAWICH JR., CREW III and WHITE, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.