■ In the Matter of BRONXWOOD HOME FOR THE AGED, INC., Respondent, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Appellants. [630 NYS2d 411] —Peters, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered November 30, 1994 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Public Service Commission upholding the denial of service to petitioner at a residential rate by respondent Consolidated Edison Company of New York, Inc.

Petitioner maintained two separate utility accounts in its name with respondent Consolidated Edison Company of New York, Inc. (hereinafter Con Ed). These accounts were for two directly metered apartments located near petitioner's facility which housed employees of petitioner.

In November 1990, petitioner requested Con Ed to review its utility service classification for a retroactive reclassification from the Service Classification No. 2 (General-Small) rate (hereinafter SC-2) to the lower cost Service Classification No. 1 (Residential and Religious) rate (hereinafter SC-1). By letter dated November 21, 1990, Con Ed denied the request since the utility service was being used by the occupants of the apartment and not by petitioner as the customer of record.

In December 1990, petitioner unsuccessfully appealed to the Customer Services Division of respondent Public Service Commission (hereinafter PSC). The complaint thereafter underwent an informal review by the PSC and an administrative appeal which resulted in a denial of petitioner's request. Petitioner thereafter commenced this CPLR article 78 proceeding to annul the determination. Supreme Court[1] annulled the PSC's determination and ordered Con Ed to rebill the accounts at the SC-1 rate for a period of six years prior to the date of petitioner's first complaint or the opening of the accounts, whichever occurred later. The PSC and Con Ed appeal.

Upon our review of the record, we must reverse the judgment of Supreme Court for the reasons detailed in *Matter of Grenadier Realty Corp. v Public Serv. Commn.* (218 AD2d 883 [decided herewith]). A plain reading of the SC-1 tariff with the special provisions in effect at the relevant time makes it clear that the SC-1 rate was only available for customers who were the actual occupants of the serviced premises.[2] Since the occupants here were employees of petitioner and not the customers of record, we conclude that the "PSC's interpretation of the tariff is not contrary to its plain language" (*Matter of Consolidated Communication Consultant Servs. v New York State Pub. Serv. Commn.*, 195 AD2d 849, 851) or otherwise irrational or unreasonable (*see, Matter of Incorporated Vil. of Val. Stream v State of New York Pub. Serv. Commn.*, 107 AD2d 856, 857). The PSC's determination is therefore confirmed.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.

---

1. Supreme Court granted Con Ed's motion to intervene in the proceeding.

2. While the situation here presented is now specifically authorized pursuant to the October 23, 1992 amendments to the SC-1 tariff, such provisions were not in effect at the time under review.