In the Matter of CITY OF NEW YORK, Appellant, v NEW YORK STATE PUBLIC SERVICE COMMISSION et al., Respondents, et al., Respondent. [963 NYS2d 447]—

Rose, J. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered December 8, 2011 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Service Commission concerning certain rates and charges to be paid to respondent Consolidated Edison Company of New York, Inc.

Respondent Consolidated Edison Company of New York, Inc. (hereinafter Con Ed) owns and operates the East River Repowering Project (hereinafter ERRP), a cogeneration power plant that supplies both electricity and steam power to petitioner and electricity to respondent County of Westchester. Respondent Public Service Commission (hereinafter Commission) issued rate orders in the past that allocated the costs of

ERRP's steam and electricity generation by an incremental method whereby ERRP's electricity customers paid for all of the costs to generate electricity. Inasmuch as steam power is a by-product of ERRP's electricity production, use of the incremental method meant that steam customers paid only for the costs of generating steam that was not a by-product of ERRP's electricity production. As a result, fuel costs were allocated roughly 98% to electricity customers and 2% to steam customers.

In a 2008 steam rate order, the Commission required Con Ed to study the allocation of costs between steam and electric customers. In response, Con Ed filed a detailed analysis of various cost allocation methods, including the incremental method and an above-market method that would require steam customers to pay ERRP's costs of producing electricity that exceed the market value of that electricity. The Commission then commenced a steam planning case in 2009 to provide an understanding of the approximate cost of steam service over the next 10 years and to consider potential changes to the incremental cost allocation method. This planning proceeding was also intended to allow for input from all interested parties and to develop a record to enable the Commission to implement any findings it might make regarding cost allocation in connection with the 2010-2013 rate plan for ERRP. Within the context of the steam planning case, the County argued in favor of the above-market method of cost allocation, Con Ed and petitioner advocated for continued use of the incremental method, and the Department of Public Service sought an allocation based on a cost floor for steam and consideration of customer response to price increases.

Extensive hearings were held on the cost allocation methods and, after Con Ed initiated a steam rate case in November 2009 by filing its request to set steam rates for 2010-2013, the Commission consolidated the issue of ERRP cost allocation with the steam rate case, deeming the evidentiary record already developed on cost allocation in the steam planning case to be part of the record in the steam rate case. Thereafter, petitioner, Con Ed, the Department of Public Service and others agreed to a joint proposal that set rates for 2010-2013. The joint proposal continued the incremental method of allocating costs, but it also included an annual shift of $7.5 million of ERRP fuel costs from the electric system to the steam system commencing in the second year of the rate plan. The proposal provided that this reallocation would continue until such time as it was changed by the Commission. The County opposed the proposal on the ground that it did not require an above-market reallocation of ERRP costs to the steam system.

After full hearings on the joint proposal and briefing by the parties, the Commission issued an extensive order in which it addressed both the steam rate case and the steam planning case. As part of the order, the Commission adopted the joint proposal, with minor modifications, and set the rates and cost allocation for the three-year period of October 2010 through October 2013 pursuant to its terms. The Commission also made a determination that the imbalance in the allocation of fuel costs between steam and electricity customers was not justified, and it ordered that the allocation method be revised beginning in October 2013. To assist in doing so, the Commission directed Con Ed to propose a gradual, seven-year phase-in of the above-market method of allocating fuel costs in its rate request for the period beginning after October 2013. Petitioner then commenced this CPLR article 78 proceeding challenging the Commission's determination on procedural and substantive grounds. Supreme Court dismissed the petition and petitioner now appeals.

Initially, we note that the Commission's order set steam rates for a three-year period only and did not set any rates beyond October 2013. Accordingly, any challenge to rates beyond that date will not be ripe for review until a new rate plan for that time period is adopted by the Commission (*see e.g. Matter of Town of Riverhead v Central Pine Barrens Joint Planning & Policy Commn.*, 71 AD3d 679, 681 [2010]). Nevertheless, we agree with petitioner that its challenge to the Commission's decision to change the allocation method is now ripe for review.

We cannot agree, however, with petitioner's contention that the applicable standard for our review is whether the allocation method is supported by substantial evidence. We will apply that standard to a determination "made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" (CPLR 7803 [4]). Such a hearing was not required here. The Commission's change in the allocation of fuel costs did not set rates or constitute a "major change" in rates so as to invoke the statutes requiring a hearing (*see* Public Service Law §§ 66 [12] [f]; 80 [10] [f]). Instead, the change in allocation was a determination of future policy made in the context of the steam planning proceeding, and such policy determinations do not trigger the statutes' hearing requirement (*see Matter of Kessel v Public Serv. Commn. of State of N.Y.*, 136 AD2d 86, 97 [1988], *lv denied* 72 NY2d 805 [1988]; *Matter of Burstein v Public Serv. Commn. of State of N.Y.*, 97 AD2d 900, 901-902 [1983]). While it is true that the steam planning case was consolidated with the rate case, and the latter did require a full evidentiary hearing,

we find no basis to view the consolidation as converting the cost allocation issue into one that also required such a hearing.

Rather, the applicable standard is whether the Commission's determination to change the allocation method was arbitrary and capricious (*see* CPLR 7803 [3]). Here, the Commission had a detailed study of the allocation methods before it and held extensive hearings on cost allocation with vigorous participation by the interested parties, including petitioner. The evidence presented to the Commission established that ERRP's electricity customers were paying more than market rates, in large part because they were subsidizing the cost of producing steam. There was also evidence that there were times when electricity was generated solely to meet the demand for steam, resulting in higher costs to electricity customers. In short, the record contains ample support for the conclusion that the allocation of approximately 98% of fuel costs to electricity customers was unjustified. Further, the determination to phase in the above-market method of allocating fuel costs over a number of years allowed the Commission flexibility to make any needed revisions based on changing data and to avoid "bill shock" to the steam customers. Accordingly, we agree with Supreme Court that the Commission's determination was neither arbitrary nor lacking a rational basis (*see e.g. Matter of City of New York v Public Serv. Commn. of State of N.Y.*, 29 AD3d 1152, 1156 [2006], *lv denied* 7 NY3d 709 [2006]; *Matter of Keyspan Energy Servs. v Public Serv. Commn. of State of N.Y.*, 295 AD2d 859, 862 [2002]; *Matter of Multiple Intervenors v Public Serv. Commn. of State of N.Y.*, 166 AD2d 140, 144 [1991]).

We are not persuaded by petitioner's contention that the Commission improperly modified the provisions of the joint proposal without adequate notice that it was going to address the allocation of costs beyond the three-year rate period. The record establishes that the steam planning case was initiated to study the various cost allocation methods and formulate a long-term plan. Petitioner was provided notice of the options being considered by the Commission and the parties were presented with adequate opportunities to comment on the proposals. The Commission's determination regarding the allocation of fuel costs beyond the three-year rate period did not improperly modify the joint proposal. Instead, it resolved the issue of long-term cost allocation raised and considered within the context of the planning proceeding.

Petitioner's claims that the Commission violated the State Administrative Procedure Act or deprived it of procedural due process are also without merit. The part of the order determin-

ing the long-term cost allocation method does not constitute a rule because it does not impose " 'a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers' " (*Matter of Schwartfigure v Hartnett*, 83 NY2d 296, 301 [1994], quoting *Matter of Roman Catholic Diocese of Albany v New York State Dept. of Health*, 66 NY2d 948, 951 [1985]). As such, the notice provisions of the State Administrative Procedure Act do not apply (*see* State Administrative Procedures Act §§ 102 [2] [a]; 202 [1] [a]; *Matter of Rye Psychiatric Hosp. Ctr., Inc. v New York State Off. of Mental Health*, 65 AD3d 689, 690 [2009], *lv denied* 14 NY3d 706 [2010]). Further, the notices issued by the Commission in connection with the planning proceeding satisfied procedural due process by clearly indicating that the planning case included consideration of the long-term impacts of cost allocation, and petitioner was provided sufficient opportunity to be heard on the issue (*see Matter of Keyspan Energy Servs. v Public Serv. Commn. of State of N.Y.*, 295 AD2d at 861; *Matter of Executone/Monroe County v Public Serv. Commn. of State of N.Y.*, 71 AD2d 138, 142 [1979]; *Matter of 1133 Ave. of Ams. Corp. v Public Serv. Commn. of State of N.Y.*, 62 AD2d 787, 790 [1978]). We have considered petitioner's remaining arguments and find them to be likewise without merit.

Mercure, J.P., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.