■ In the Matter of Countax Realty Corporation, Appellant, v County of Rockland et al., Respondents.—In a CPLR article 78 proceeding to compel respondents to correct their tax records, petitioner appeals from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated September 4, 1984, which dismissed the proceeding.

Judgment affirmed, with costs.

In this case respondents delayed conveyance of property sold by them at a tax sale to petitioner's predecessor, who then instituted a lawsuit seeking, inter alia, specific performance of their agreement. Respondents and petitioner's predecessor subsequently stipulated to perform the agreement in settlement of that lawsuit. Absent an agreement to the contrary, the purchaser of property at a county tax sale is bound

by the terms and conditions set forth in the notice of sale *(Baron v Suffolk County,* 2 AD2d 858). Thus, the agreement to perform in settlement of petitioner's predecessor's lawsuit seeking specific performance of an agreement to sell real property by the county incorporates the terms and conditions of a notice of sale. The notice of sale provided that: "In this case, title to be delivered to the purchaser will be free and clear of the state, county, town and school taxes and assessments owed to the County of Rockland up to and including the date of sale except for the 1981 state, town, county and school taxes". Accordingly, petitioner's claim that it owed no taxes that accrued before the sale date in 1981 is without basis.

We have considered petitioner's other contention and find it to be without basis as well. Lazer, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.