■ DONALD JACKSON et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v THOMAS A. COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents. [612 NYS2d 89] —Casey, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered

March 11, 1993 in Albany County, which, *inter alia,* granted defendants' cross motion for summary judgment dismissing the complaint.

Plaintiffs are Muslim inmates at Bare Hill Correctional Facility in Franklin County who challenge the constitutionality of the facility's policy which prohibits Muslims from performing a ritual of prayer known as "Salat" in the facility's gymnasium or recreation yard. The policy requires that prayers involving physical movement, which includes Salat, must be performed by the inmates in their cells. According to plaintiffs the policy violates their rights under NY Constitution, article I, § 3 and Correction Law § 610. Supreme Court held that the policy did not violate plaintiffs' rights to religious freedom and entered judgment in favor of defendants, resulting in this appeal by plaintiffs.

At oral argument, plaintiffs restricted their appeal to their rights under State laws and expressly abandoned any claim under the recently enacted Religious Freedom Restoration Act of 1993 (42 USC § 2000bb *et seq.).* The State standard for determining the validity of prison rules which impinge upon inmates' State constitutional rights "requires a balancing of the competing interests at stake: the importance of the right asserted and the extent of the infringement are weighed against the institutional needs and objectives being promoted" *(Matter of Lucas v Scully,* 71 NY2d 399, 406). Considering the extent of the infringement on plaintiffs' rights to practice their religion and the legitimate security and staffing concerns demonstrated by defendants if they were required to accommodate plaintiffs' demands, we agree with Supreme Court that defendants' policy does not violate plaintiffs' right to religious freedom under the State Constitution or Correction Law § 610 *(see, Matter of Bunny v Coughlin,* 187 AD2d 119, *appeal dismissed* 82 NY2d 679). Because this is a declaratory judgment action, the judgment should be modified to declare the parties' rights, which is consistent with Supreme Court's decision.

Cardona, P. J., White, Weiss and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by declaring that defendants' policy, which prohibits demonstrative prayer in the gymnasium and recreation yard of Bare Hill Correctional Facility, has not been shown to violate plaintiffs' right to religious freedom under the NY Constitution or Correction Law § 610, and, as so modified, affirmed.