■ In the Matter of DERWOOD L. LITTLEFIELD, Appellant, v GEORGE GASSER, as Saratoga County Treasurer, et al., Respondents. [656 NYS2d 547] —Cardona, P. J. Appeal from an order and judgment of the Supreme Court (Keniry, J.), entered December 19, 1995 in Saratoga County, which converted petitioner's application, brought pursuant to CPLR article 78, into an action for declaratory judgment and ruled that petitioner was not entitled to a refund of real property taxes paid under protest.

On December 20, 1994, respondent County of Saratoga conducted a tax sale of certain properties by sealed bids. Petitioner bid the sum of $351,008 for one of the commercial properties which was accepted later that day by the Saratoga County Board of Supervisors. On January 15, 1995, petitioner paid the balance due toward the purchase price and the deed transferring the property was recorded in the office of the Saratoga County Clerk on February 28, 1995. Thereafter, in March 1995, petitioner received a real property tax bill for the subject property that included, inter alia, relevied school taxes which had accrued prior to the sale. In May 1995, petitioner paid these taxes under protest and, in July 1995, made a formal request for a refund of such taxes. Petitioner's request was denied and he thereafter commenced this CPLR article 78 proceeding. Following the conversion of this proceeding to a declaratory judgment action, Supreme Court ruled that petitioner was not entitled to a refund of the property taxes, but did not make a declaration to that effect. Petitioner appeals.

Initially, it is undisputed that the terms and conditions of the sale are silent as to a bidder's responsibility for delinquent taxes which accrued prior to the date of sale. Petitioner argues that, in submitting his sealed bid, he relied upon the representations contained in an informational pamphlet published by the County concerning tax delinquent real property auctions

which instructed that the successful bidder would not be required to pay "back" taxes. Inasmuch as a plain reading of the pamphlet reveals that the instructions contained therein apply to *open* bid auctions conducted in the months of August and November, we reject petitioner's claim that the instructions contained in the pamphlet were part of the terms and conditions of this sale.

Moreover, the record indicates that, at the time the sealed bids were received but prior to their submission to the Board of Supervisors, the County Attorney advised all bidders that the sale of the property was subject to all taxes levied on and after June 1, 1994, including relevied 1994-1995 school taxes. Petitioner, who does not dispute that this information was relayed, did not communicate his dissatisfaction with this requirement at that time or withdraw his bid despite being presented the opportunity to do so. Rather, once his bid was accepted by the Board of Supervisors, he proceeded with the purchase, paying the balance owed prior to the due date, and did not lodge a formal request for abatement of the taxes until July 1995. Under these circumstances, we agree with Supreme Court that petitioner is not entitled to a refund of taxes paid (*compare, Matter of Countax Realty Corp. v County of Rockland*, 114 AD2d 956).

Finally, "[b]ecause this is a declaratory judgment action, the judgment should be modified to declare the parties' rights, which is consistent with Supreme Court's decision" (*Jackson v Coughlin*, 204 AD2d 939, 940).

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by declaring that petitioner was not entitled to a refund of taxes paid on the subject property in May 1995, and, as so modified, affirmed.