■ In the Matter of UNITED WATER NEW YORK, INC., Appellant, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW

YORK, Respondent. [676 NYS2d 709] —Graffeo, J. Appeal from a judgment of the Supreme Court (Donohue, J.), entered June 6, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for an earlier effective date of a rate increase.

Petitioner, a New York corporation in the business of supplying water for approximately 90% of the population of Rockland County, requested approval from respondent in 1994 to increase its annual revenues by approximately $3.12 million. In August 1995, the parties entered into a three-year settlement agreement pertaining to petitioner's rates for the period May 1, 1995 through April 30, 1998. Pursuant to the terms of the agreement, petitioner was required to file its rate increase request no later than February 1 for each year and that the new rate would be effective as of May 1 in the given year. On March 27, 1996 petitioner submitted its tariff filing for year two of the agreement, almost two months late. Since the filing failed to meet the February 1, 1996 deadline, petitioner requested that the proposed tariff be processed on an emergency basis to enable the rate change to go into effect on May 1, 1996 (see, State Administrative Procedure Act § 202 [6]), or, in the alternative, to recover the $200,000 in revenue lost by the delayed implementation of the rate increase from May 1, 1996 to June 20, 1996 through deferred revenue reconciliation. Respondent denied petitioner's requests and determined that the rate increase would take effect on June 21, 1996. Petitioner's application for a rehearing was denied by respondent and the subsequent CPLR article 78 proceeding was dismissed by Supreme Court.

Petitioner appeals, contending that compliance with the February 1, 1996 filing date was not a condition precedent to the rate and, therefore, petitioner is entitled to recovery of the 12-month rate increase over the 10-month period remaining in year two of the settlement agreement. Petitioner argues that the filing date was merely a ministerial provision of the settlement agreement and that lack of compliance did not justify the "penalty" imposed by respondent.

We reject petitioner's contention that common-law contract principles are dispositive with respect to judicial review of respondent's interpretation of the time restrictions contained in the settlement agreement (see, Matter of Kessel v Public Serv. Commn., 193 AD2d 339; cf., Matter of Owners Comm. on Elec. Rates v Public Serv. Commn., 194 AD2d 77). The relevant inquiry is whether respondent had a rational basis to support

its denial of petitioner's request for deferred revenue reconciliation as a means to recover the $200,000 in lost revenue due to the late rate filing and its designation of June 21, 1996 as the effective date for the year two rate increase (*see, Matter of Rochester Tel. Corp. v Public Serv. Commn.*, 87 NY2d 17; *Matter of Abrams v Public Serv. Commn.*, 67 NY2d 205; *Matter of Kessel v Public Serv. Commn., supra*; *Matter of Indeck-Yerkes Energy Servs. v Public Serv. Commn.*, 164 AD2d 618). Furthermore, respondent's determination is entitled to deference and may not be vacated unless petitioner demonstrates that the determination lacked a rational basis (*see, Matter of Abrams v Public Serv. Commn., supra*).

It is undisputed that the multiyear settlement agreement provided that "each of the annual company filings envisioned under this Agreement shall be made no later than February 1, and that new rates shall go into effect on May 1". Respondent had a rational basis for its determination since the time allotted in the agreement (i.e., Feb. 1, 1996 to May 1, 1996) was necessary to review and implement the requested revenue adjustment by the proposed effective date, and to ensure an adequate opportunity for other parties to oppose or question the rate increase. Once the tariff filing was delayed by petitioner, respondent was entitled to effectuate the 45-day comment period under State Administrative Procedure Act § 202 (1), which required the postponement of the effective date until June 21, 1996. Moreover, respondent's refusal to process the belated filing on an emergency basis pursuant to State Administrative Procedure Act § 202 (6) was not irrational since immediate action was not necessary for the preservation of the public health, safety or general welfare. Since the delay in filing was solely attributable to petitioner, there is no reason to disturb respondent's decision disallowing deferred revenue reconciliation. We also note that respondent properly evaluated the economic consequences to the ratepayers, as well as petitioner, in its determination (*see, Niagara Mohawk Power Corp. v Public Serv. Commn.*, 69 NY2d 365; *Matter of Rochester Gas & Elec. Corp. v Public Serv. Commn.*, 117 AD2d 156). Accordingly, Supreme Court appropriately confirmed respondent's determination and dismissed the petition.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.