■ Kross Dependable Sanitation, Inc., et al., Respondents, v AT&T Corporation, Appellant, et al., Respondents. [701 NYS2d 732] —Cardona, P. J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered June 4, 1999 in Sullivan County, which denied defendant AT&T Corporation's motion to dismiss the complaint against it.

Plaintiffs are engaged in the business of selling and renting septic and portable toilets along with office trailers. Prior to July 5, 1995, they received toll-free telephone service from NYNEX, a nonparty to this action. As a result of efforts by telemarketing agents representing defendant AT&T Corporation, plaintiffs switched their service to AT&T on July 5, 1995; however, they later discovered that the toll-free long-distance line was not operable until August 30, 1995. As a result, they commenced this breach of contract action against AT&T and its telemarketing agents. Plaintiffs thereafter moved, *inter alia*, to amend their complaint and AT&T, in turn, cross-moved for summary judgment dismissing the complaint against it. Supreme Court, *inter alia*, granted plaintiffs' motion, whereupon an amended complaint was served alleging, *inter alia*, that AT&T engaged in willful and wanton misconduct. Thereafter, AT&T's motion to dismiss the amended complaint against it was denied resulting in this appeal.

We disagree with AT&T's contention that plaintiffs' action is barred by the filed-rate doctrine as recently applied by the US Supreme Court in *American Tel. & Tel. Co. v Central Off. Tel.*

(524 US 214). Under that doctrine, common carriers are required to abide by the provisions set forth in tariffs filed pursuant to the Federal Communications Act which set forth charges as well as the classifications, practices and regulations affecting such charges (see, id., at 221-223). The doctrine also applies to the furnishing of services (see, id., at 223-226).*

In *American Tel. & Tel. Co. v Central Off. Tel.* (*supra*), a purchaser of long-distance services sued AT&T under State law for breach of contract and tortious interference with contract after experiencing problems with its long-distance service, including, *inter alia*, delays in filling orders and inaccuracies in billing customers. The purchaser's State-law claims rested on allegations that its contract with AT&T was not limited by AT&T's tariff but included certain understandings derived from AT&T's brochures and the representations of its employees. Citing the filed-rate doctrine, the US Supreme Court found that the State-law claims were barred because the purchaser sought privileges not covered by the tariff.

In the instant case, plaintiffs' amended complaint does not contain allegations that AT&T made representations concerning the provision of services that were outside the applicable tariff. Rather, plaintiffs' claims are premised upon AT&T's alleged willful and wanton misconduct in delaying the promised long-distance service and having plaintiffs switch providers resulting in the interruption of service to plaintiffs' detriment. The allegations do not, on their face, invoke privileges which go beyond the applicable tariff. At this stage of the proceedings, we cannot say as a matter of law that plaintiffs' claims are precluded by the filed-rate doctrine. Accordingly, AT&T's motion was properly denied.

Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.

---

* New York recognizes a similar doctrine with respect to tariffs filed under the Public Service Law (see, *Lauer v New York Tel. Co.*, 231 AD2d 126, 129).