■ In the Matter of CONCORD ASSOCIATES, L.P., Appellant, v PUBLIC SERVICE COMMISSION OF STATE OF NEW YORK et al.,

Respondents. [754 NYS2d 93] —Mugglin, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered January 23, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Service Commission setting the pay rates for water service as set forth in the tariff filed by respondent Kiamesha Artesian Spring Water Company, Inc.

Prior to its bankruptcy, Kiamesha Concord, Inc. owned and operated the Concord Hotel, its golf courses and related properties in the Town of Thompson, Sullivan County. It was the only customer of respondent Kiamesha Artesian Spring Water Company, Inc. (hereinafter Kiamesha Artesian), which received unmetered (flat rate) water service. The service rate was set by respondent Public Service Commission (hereinafter the PSC) by service classification No. 3 (hereinafter SC-3) at the monthly rate of $22,388.33. SC-3 listed the "Concord Hotel" as the service recipient. Petitioner purchased the property of Kiamesha Concord at bankruptcy auction on January 29, 1999. Thereafter, petitioner refused to pay the monthly water service bills rendered by Kiamesha Artesian, and filed a customer complaint with the PSC, claiming that the flat rate was unjust and unreasonable since petitioner's existing operations did not utilize the entire property and, in particular, the main hotel building. In response, Kiamesha Artesian sought PSC approval of a modification to SC-3 based upon an agreement between petitioner and Kiamesha Artesian that the property be metered. July 1, 1999 was the effective date eventually set for this new filing.

The current dispute distills to the applicable rate from January 29, 1999 to June 30, 1999. Following review, the PSC staff first reduced the rate and then reversed this decision and adhered to the original filed tariff. Thereafter, a PSC Hearing Officer reduced the amounts owed by petitioner, but this determination was, on administrative appeal, reversed by the PSC, which set the monthly rate for the period in question at $22,388.33. Petitioner then commenced this CPLR article 78 proceeding seeking reinstatement of the Hearing Officer's decision. Supreme Court upheld the PSC's determination and dismissed the petition, finding that the rate fixed by the PSC in accordance with the tariff was supported by a rational basis, from which judgment petitioner now appeals.

The issues in this case arise from the PSC's discretionary exercise of its authority. Therefore, its decision will be affirmed unless it is "contrary to the tariff's plain language or otherwise

irrational and unreasonable" (*Matter of Black Radio Network v Public Serv. Commn. of State of N.Y.*, 253 AD2d 22, 25; *see Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231). A PSC rate determination is entitled to substantial judicial deference and will not be disturbed unless a rational basis or reasonable support for the determination is lacking (*see Matter of New York Tel. Co. v Public Serv. Commn. of State of N.Y.*, 95 NY2d 40, 48; *Matter of Grenadier Realty Corp. v Public Serv. Commn. of State of N.Y.*, 218 AD2d 883, 885; *Matter of Kessel v Public Serv. Commn. of State of N.Y.*, 136 AD2d 86, 92), particularly where the determination involves alleged overcharges or the interpretation of rate tariffs approved by the PSC (*see Matter of Glens Falls Communication Corp. v New York State Pub. Serv. Commn.*, 239 AD2d 47, 50).

On this appeal, petitioner's primary argument that the PSC determination was irrational and unreasonable is that the tariff applied not to the property it acquired, but only to the customer, i.e., the Concord Hotel, and, therefore, is not binding on petitioner. In support of this argument, petitioner points to prior determinations of the PSC, its Hearing Officer and Kiamesha's own tariff amendment which used the descriptive terms "customer" or "the Concord Hotel." We are unpersuaded. Although we recognize that there was agreement between Kiamesha Concord and Kiamesha Artesian at the time the tariff was originally set, nevertheless it was set by action of the PSC, not by contract (*see Matter of United Water N.Y. v Public Serv. Commn. of State of N.Y.*, 252 AD2d 810). A party acquiring property on which a tariff has been set is subject to that tariff (*see e.g. Matter of Glens Falls Communication Corp. v New York State Pub. Serv. Commn., supra; Matter of Chernow Assoc. v Public Serv. Commn. of State of N.Y.*, 230 AD2d 476). We conclude that since the tariff in question addresses only one property, the use of other descriptive terms is simply a means of identification of the entity responsible for the bill. For the PSC to so conclude does not render its decision irrational or unreasonable.

To the extent that this determination does not render petitioner's other arguments academic, we note that those arguments are barred by the application of the filed rate doctrine. "The filed rate doctrine bars suits against regulated utilities grounded on the allegation that the rates charged by the utility are unreasonable. Simply stated, the doctrine holds that any 'filed rate'—that is, one approved by the governing regulatory agency—is per se reasonable and unassailable in judicial proceedings brought by ratepayers" (*Wegoland Ltd. v*

*NYNEX Corp.*, 27 F3d 17, 18). This doctrine is applicable to tariff filings with the PSC since to hold otherwise would unnecessarily involve the courts in rate determinations better left to agencies with the required expertise (*see Kross Dependable Sanitation v AT&T Corp.*, 268 AD2d 874; *see also Keogh v Chicago & Northwestern Ry. Co.*, 260 US 156, 163-164; *Wegoland Ltd. v NYNEX Corp.*, *supra* at 19). Where, as here, petitioner is merely challenging the amount of the filed rate, a rate the PSC has previously determined to be just and reasonable, the doctrine fully applies (*see Kross Dependable Sanitation v AT&T Corp.*, 268 AD2d 874; *see also Batas v Prudential Ins. Co. of Am.*, 281 AD2d 260, 261).

We have considered the balance of petitioner's arguments and find them equally unpersuasive.

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.