■ KIAMESHA ARTESIAN SPRING WATER COMPANY, INC., Respondent, v CONCORD ASSOCIATES, L.P., Appellant. [770 NYS2d 483]—

Mugglin, J. Appeals (1) from an order of the Supreme Court (Clemente, J.), entered January 10, 2003 in Sullivan County, which, inter alia, granted plaintiff's cross motion for summary judgment, and (2) from the judgment entered thereon.

In a related proceeding, we affirmed the Public Service Commission's determination of rates to be charged for water and fire protection furnished by plaintiff to defendant (*Matter of Concord Assoc. v Public Serv. Commn. of State of N.Y.*, 301 AD2d 828 [2003]). In this action by plaintiff to collect the unpaid portion of its invoices, defendant moved for summary judgment asserting that Public Service Law § 89-n provides it with a complete defense to the action, requiring its dismissal. Supreme

Court, ruling that "the circumstances herein do not warrant a triggering of the draconian punishment contemplated by the statute," denied defendant's motion and granted plaintiff's cross motion for summary judgment as demanded in the complaint after withdrawal of those relatively minor amounts for New York surcharges and compound interest. Defendant appeals and argues that the inclusion of these sums* in the served complaint is all that the statute requires to bar plaintiff's entire complaint.

Public Service Law § 89-n provides: "If it be alleged and established in an action brought in any court for the collection of any charge for water that a price has been demanded in excess of that fixed by the commission or by statute in the municipality wherein the action arose, no recovery shall be had therein, but the fact that such excessive charges have been made shall be a complete defense to such action."

If this were the initial action or proceeding between these parties, we would agree with defendant. When interpreting statutes, this Court's "objective . . . is 'to discern and apply the will of the Legislature, not the court's own perception of what might be equitable' " (*Matter of Orens v Novello,* 99 NY2d 180, 185 [2002], quoting *Matter of Sutka v Conners,* 73 NY2d 395, 403 [1989]). The plain wording of the statute supports defendant's argument (*see e.g. Buffalo Gas Co. v City of Buffalo,* 156 F 370, 371-372 [1907]; *Consolidated Gas Co. v Mayer,* 146 F 150, 153-154 [1906]). We also agree with Supreme Court's observation that since Public Service Law § 89-n "refers to a defense of an 'action'," it could not have been cited by defendant in any earlier proceeding.

Nevertheless, the record is plain that defendant was well aware of the inclusion of these charges while it was participating in the administrative hearings. Indeed, at one point it consented to a temporary modification of the tariff charges which included a New York surcharge. Thus, although defendant could not have raised the defense found in Public Service Law § 89-n, it could have and should have contested the *issue* of the inclusion of the surcharges and compound interest at the time it contested the fairness of the rates. Having failed to do so, defendant is now barred by the principles of res judicata (*see*

---

* Defendant also argued before Supreme Court that plaintiff's claim was overstated because plaintiff only gave defendant credit for $10,000 when it had paid $10,600. Plaintiff attributes this to a "scrivener's error." Inasmuch as defendant does not substantively address this issue in its brief, we deem it to have been abandoned (*see Custer v Cortland Hous. Auth.,* 266 AD2d 619, 620 n 1 [1999], *lv denied* 94 NY2d 761 [2000]; *Yerdon v Lyon,* 259 AD2d 864, 866 [1999], *lv denied* 94 NY2d 754 [1999]).

*Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 347-348 [1999]; *O'Brien v City of Syracuse,* 54 NY2d 353, 357 [1981]), even though the issue previously arose in the context of an administrative proceeding (*see Lake George Park Commn. v Salvador,* 245 AD2d 605, 607 [1997], *lv dismissed and denied* 91 NY2d 939 [1998]).

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order and judgment are affirmed, with costs.