■ AYINDE FAIR, Appellant, v JOSEPH T. SMITH, Individually and as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [940 NYS2d 339]—

Kavanagh, J. Appeal from an order of the Supreme Court (Cahill, J.), entered August 13, 2010 in Ulster County, which granted defendants' motion to dismiss the complaint.

Plaintiff is a prison inmate who, as part of his observance of the Yoruba/Santeria faith, wears bead necklaces. Department of Corrections and Community Supervision Directive No. 4202 states that an inmate may, with a permit, "possess and wear, but not display, religious beads . . . for use in the practice of an inmate's documented religion," but that such beads "may be worn only underneath clothing so they are not visible." According to plaintiff, in February 2009, while he was en route to a prison event, he was stopped by defendant Linda Nelson, a correction sergeant, and told that he had to wear a collared shirt to cover the beaded necklace that he was wearing. Plaintiff subsequently filed a grievance with prison officials, complaining

that Nelson, by directing that he wear a collared shirt, had discriminated against him and was guilty of harassment. In March 2009, the Inmate Grievance Review Committee determined that while plaintiff could not be required to wear a collared shirt, prison regulations required that any beads he wore not be visible, even at the neck line. Plaintiff appealed this determination to defendant Joseph T. Smith, the facility Superintendent, who denied his grievance noting that the "display of beads . . . is a legitimate security concern" and that Nelson's "actions were in keeping with sound correctional practice." Plaintiff appealed Smith's decision to the Central Office Review Committee, which found that Nelson, by seeking to enforce a prison regulation, was not guilty of harassment and had not engaged in conduct constituting a form of illegal discrimination. After plaintiff commenced this action alleging, among other things, that his constitutional rights had been violated, Supreme Court granted defendants' motion to dismiss, finding that a viable cause of action had not been set forth in the complaint. Plaintiff now appeals.

Plaintiff claims that his rights under the US and NY Constitutions, as well as the Religious Land Use and Institutionalized Persons Act (hereinafter RLUIPA) (*see* 42 USC § 2000cc) had been violated by Nelson's efforts to enforce this prison regulation. In that regard, we note that an inmate's right to practice his or her religion may be limited by prison officials without running afoul of the US Constitution, so long as the restriction is " 'reasonably related to legitimate penological interests' " (*Salahuddin v Goord*, 467 F3d 263, 274 [2d Cir 2006], quoting *O'Lone v Estate of Shabazz*, 482 US 342, 349 [1987]). According to RLUIPA, a state penal authority may not "impose a substantial burden" on an inmate's religious practice unless it can show that any such limitation "furthers a compelling governmental interest by the least restrictive means" reasonably available under all of the attendant circumstances (*Salahuddin v Goord*, 467 F3d at 273-275; *see* 42 USC § 2000cc-1 [a]; *Cutter v Wilkinson*, 544 US 709, 715 [2005]). The NY Constitution also provides that the legitimacy of limits placed on an inmate's right to practice his or her religion depends upon "a balancing of the competing interests at stake: the importance of the right asserted and the extent of the infringement are weighed against the institutional needs and objectives being promoted" (*Matter of Lucas v Scully*, 71 NY2d 399, 406 [1988]; *accord Jackson v Coughlin*, 204 AD2d 939, 940 [1994]; *Matter of Bunny v Coughlin*, 187 AD2d 119, 121 [1993], *lv dismissed* 82 NY2d 679 [1993]).

Here, prison officials contend that gang members in the

prison community wear necklaces as a means of communicating with each other, and such communications represent a threat to institutional security. This directive represented an attempt to address this concern, and the limitations it imposed on plaintiff did not impact in a meaningful way on his ability to practice his religion. As such, Supreme Court properly dismissed these claims for failing to state a cause of action.

As for plaintiff's equal protection claim, he must demonstrate that when cited by Nelson, he was treated differently from similarly situated individuals because of his race, religion or some other constitutionally protected classification (*see Cleburne v Cleburne Living Center, Inc.*, 473 US 432, 439 [1985]; *Matter of Walton v New York State Dept. of Correctional Servs.*, 57 AD3d 1180, 1185 [2008], *affd* 13 NY3d 475 [2009]). While plaintiff claims that other inmates who wore religious artifacts were not similarly disciplined, he does not suggest that those artifacts and the way they were worn presented the same security concerns that were raised by the manner in which he was wearing the bead necklace when stopped by Nelson. "[T]he reasonableness of the prison rules and policies must be examined to determine whether distinctions made between religious groups in prison are reasonably related to legitimate penological interests" (*Benjamin v Coughlin*, 905 F2d 571, 575 [2d Cir 1990], *cert denied* 498 US 951 [1990]; *see Campos v Coughlin*, 854 F Supp 194, 213 [1994]). Here, such a relationship existed between the regulation and the security concerns it sought to address, and plaintiff's claims were therefore properly dismissed by Supreme Court.*

Mercure, A.P.J., Peters, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

---

* As a result, there is no reason to determine whether, as found by Supreme Court, defendants were entitled to qualified immunity.