Matter of Megnin Farms At Poolsbrook, LLC v New York Pub. Serv. Commn. (2019 NY Slip Op 03709)





Matter of Megnin Farms At Poolsbrook, LLC v New York Pub. Serv. Commn.


2019 NY Slip Op 03709


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

525950

[*1]In the Matter of MEGNIN FARMS AT POOLSBROOK, LLC, Appellant,
v
NEW YORK PUBLIC SERVICE COMMISSION et al., Respondents. ELDAN HOMES, INC., et al., Proposed Intervenors- Appellants.

Calendar Date: March 22, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Longstreet & Berry, LLP, Fayetteville (Michael J. Longstreet of counsel), for appellant.
The Dax Law Firm, PC, Albany (John W. Dax of counsel), for proposed intervenors-appellants.
John J. Sipos, Public Service Commission, Albany (John C. Graham of counsel), for New York Public Service Commission, respondent.
Barclay Damon LLP, Syracuse (David G. Burch Jr. of counsel), for Niagara Mohawk Power Corporation, respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered November 21, 2017 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Service Commission denying petitioner's request for a retroactive reimbursement of charges paid for a utility service.
Petitioner is a residential subdivision developer with developments located within the service territory of respondent Niagara Mohawk Power Corporation (hereinafter National Grid), an electric and gas utility company. Although a utility company, such as National Grid, is required to provide service to any customer seeking service for a building (see Public Service Law § 31 [4]), respondent Public Service Commission (hereinafter PSC) may limit the utility company's obligation to install a new service line to the first 100 feet of line extension, with the rest of the installation fees to be paid by the customer (see 16 NYCRR 98.2 [e]). In 2010, the PSC issued an order clarifying a utility company's obligations. The PSC recognized that most residential homes used single-phase service, which used one wire. Single-phase service was [*2]cheaper to provide as compared to three-phase service, which used three wires and was used by some residential developments. The PSC's 2010 order provided that "all three-phase customers should pay an additional fee" whenever three-phase service was installed within a residential subdivision, regardless of the reason for the installation.
In response to the PSC's 2010 order, National Grid filed a rate tariff in 2011 stating that a customer would be reimbursed for either the cost of 100 feet of single-phase service per home or the equivalent cost of 100 feet of single-phase service if three-phase service was being provided [FN1]. Meanwhile, petitioner was developing a residential subdivision that required utility service. After National Grid reviewed all relevant information, it determined that petitioner required multiple-phase service for the provision of safe and adequate service and, therefore, charged petitioner a required contribution of $56,202.70 in accordance with the 2011 tariff. This amount was subsequently reduced to $31,910.09. In November 2016, petitioner filed a complaint with the PSC challenging National Grid's 2011 tariff. The PSC issued a revised order in February 2017 concluding that a utility company must provide the first 100 feet of service at no cost to the customer regardless of whether it was being provided single-phase or three-phase service. If, however, a customer insisted on three-phase service where single-phase service would have been adequate, the customer would be entitled to "an amount of three-phase service equal in cost to the 100 feet of single[-]phase service." Although the PSC ordered National Grid to file a revised tariff, it did not award petitioner any retroactive refunds due to the filed rate doctrine.
Petitioner thereafter commenced this proceeding to challenge the PSC's determination. Eldan Homes, Inc. and others, a group of residential developers (hereinafter collectively referred to as Eldan), moved under CPLR 7802 (d) to intervene in this proceeding. Supreme Court denied Eldan's motion to intervene and dismissed the petition. Petitioner and Eldan appeal.
Turning first to Eldan's motion to intervene, "[c]ourts may allow other interested persons to intervene in special proceedings, but this permissive determination lies within the court's discretion" (Matter of Pace-O-Matic, Inc. v. New York State Liq. Auth., 72 AD3d 1144, 1145 [2010] [internal quotation marks and citation omitted]; see CPLR 7802 [d]). The record reveals that Eldan, in 2015, had filed its own complaint with the Department of Public Service alleging that National Grid failed to properly bear the material and installation costs for the first 100 feet of service line. The PSC ultimately agreed with Eldan but did not award any retroactive refunds for the prior charges levied by National Grid. Eldan thereafter commenced its own CPLR article 78 proceeding challenging the PSC's determination. As such, Eldan can adequately protect its interests through the legal channels that it has already pursued. Stated differently, Eldan does not have any direct legal stake in petitioner's proceeding given that such proceeding concerns petitioner's request for retroactive refunds. Accordingly, we find that Supreme Court did not abuse its discretion in denying Eldan's motion to intervene (see Matter of Civil Serv. Empls. Assn. v Newman, 72 AD2d 120, 124 [1980], lv dismissed and denied 49 NY2d 705 [1980], lvs dismissed 49 NY2d 888, 917 [1980]; compare Matter of Clinton v Summers, 144 AD2d 145, 147 [1988]). To the extent that Eldan contends that intervention should have been granted as a matter of right, such contention is improperly raised for the first time on appeal (see Landau v Hallstead, 159 AD3d 1095, 1097 [2018]).
As to petitioner's claims, petitioner contends that the filed rate doctrine does not preclude the PSC from ordering National Grid to issue retroactive refunds for erroneous charges. We disagree. "The filed rate doctrine bars suits against regulated utilities grounded on the allegation that the rates charged by the utility are unreasonable. Simply stated, the doctrine holds that any filed rate — that is, one approved by the governing regulatory agency — is per se reasonable and unassailable in judicial proceedings brought by ratepayers" (Matter of Concord Assoc. v Public Serv. Commn. of State of N.Y., 301 AD2d 828, 830 [2003] [internal quotation [*3]marks and citation omitted]; see Matter of Walton v New York State Dept. of Correctional Servs., 57 AD3d 1180, 1182 [2008], affd 13 NY3d 475 [2009]; Bullard v State of New York, 307 AD2d 676, 678 [2003]). "This doctrine is applicable to tariff filings with the PSC since to hold otherwise would unnecessarily involve the courts in rate determinations better left to agencies with the required expertise" (Matter of Concord Assoc. v Public Serv. Commn. of State of N.Y., 301 AD2d at 831 [citations omitted]; see Kross Dependable Sanitation v AT & T Corp., 268 AD2d 874, 875 n [2000]).
Deferring to the PSC's expertise in interpreting its own regulations, in our view, its determination in refusing to order retroactive refunds and applying the filed rate doctrine was not arbitrary and capricious nor did it lack a rational basis (see Matter of Keyspan Energy Servs. v Public Serv. Commn. of State of N.Y., 295 AD2d 859, 862-863 [2002]). The charges assessed by National Grid to petitioner for three-phase service stemmed from the 2011 tariff filed in response to the PSC's 2010 order. Although the PSC, in its 2017 order, subsequently determined that three-phase service generally should be covered by utility companies, the rate as provided in the 2011 tariff, and the charges assessed, were valid up until that point. Furthermore, granting petitioner's requested relief and ordering the refund of those charges deemed erroneous by the PSC's 2017 order would amount, as Supreme Court noted, to "an improper retroactive determination that the prior rate was unjust and unreasonable." Accordingly, we conclude that Supreme Court correctly dismissed the petition. Petitioner's remaining contentions have been considered and are without merit.
Garry, P.J., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Because three-phase service required three separate wires, a customer would be reimbursed for the cost of 33 feet of that service, i.e., one third of 100 feet.