People v Clerveau (2019 NY Slip Op 05594)





People v Clerveau


2019 NY Slip Op 05594


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

109317

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHRISTOPHER CLERVEAU, Appellant.

Calendar Date: June 3, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Craig S. Leeds, Albany, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered February 1, 2017, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in or near school grounds and enterprise corruption.
In August 2016, defendant was jointly indicted with six others and he was charged with one count of criminal enterprise, 30 counts involving the unlawful possession and sale of heroin and five counts of criminal sale of a controlled substance in or near school grounds. The charged activity took place between April 2016 and July 2016 and was based on a theory of assessorial liability. During an appearance on October 18, 2016, the People offered a plea agreement that would require defendant to plead guilty to the enterprise corruption charge and one count of criminal sale of a controlled substance in or near school grounds in exchange for a total prison exposure of nine years. Defendant noted that the offer was less than the initial 12-year offer, but raised a concern that his white codefendants were offered significantly less prison time [FN1]. County Court granted defendant's request for a few days to consider the offer. On October 21, 2016, defendant accepted a new offer that capped his total prison sentence at eight years. Defendant then pleaded guilty to the two charges and waived his right to appeal. He was thereafter sentenced to the negotiated prison term of eight years and two years of postrelease supervision on the criminal sale conviction and a concurrent prison term of 2 to 6 years on the enterprise corruption conviction. Defendant appeals.
We affirm. Although defendant's challenge to the voluntariness of his plea is not precluded by his unchallenged appeal waiver, the record does not reflect that he made an appropriate postallocution motion despite having the opportunity to do so, and, as such, he failed to preserve this claim for our review (see People v Williams, 27 NY3d 212, 219-220 [2016]; [*2]People v Taft, 169 AD3d 1266, 1267 [2019]; People v Norton, 164 AD3d 1502, 1503 [2018], lv denied 32 NY3d 1114 [2018]). Nor did defendant make any statements during the plea allocution that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Williams, 27 NY3d at 220; People v Henry, 166 AD3d 1213, 1214 [2018], lv denied 33 NY3d 949 [2019]). Were this issue before us, we would nevertheless find that it lacks merit. Accounting for the new reduced term of eight years, County Court confirmed that the sentencing structure would mirror the actual sentence. Defendant acknowledged that he understood. Although defendant stated that he felt forced to take the plea or face a far lengthier prison term, such situational pressure does not constitute undue duress, and defendant acknowledged that no one threatened him to take the plea rather than exercise his right to trial (see People v Sparbanie, 158 AD3d 942, 944 [2018], lv denied 31 NY3d 1087 [2018]; People v Charleston, 142 AD3d 1248, 1250 [2016]).
Defendant also claims that he was denied the effective assistance of counsel. Although this claim survives the unchallenged appeal waiver to the extent that it impacts the voluntariness of the plea, it is not preserved for our review as the record fails to disclose that defendant made an appropriate postallocution motion (see People v Taft, 169 AD3d at 1267; People v Norton, 164 AD3d at 1503). We do take note that defendant confirmed at sentencing that he had "ironed . . . out" his issues with counsel.
Defendant maintains that he was denied his constitutional right to equal protection due to racial disparity in the lesser prison terms offered to his codefendants ostensibly based on race. If true, this would be fundamentally unfair and constitute a violation of defendant's equal protection rights (see People v Aviles, 28 NY3d 497, 502 [2016]; Fair v Smith, 93 AD3d 964, 966 [2012], appeal dismissed 19 NY3d 874 [2012]; Matter of Walton v New York State Dept. of Correctional Servs., 57 AD3d 1180, 1184-1185 [2008], affd 13 NY3d 475 [2009]). When defendant first raised that concern, however, the People responded that defendant was not similarly situated with his codefendants given his role in multiple heroin sales to an undercover officer, including five sales in or near school grounds. The People further suggested an evidentiary hearing on the issue so that County Court "can become fully aware of [defendant's] full involvement in the case." After a three-day adjournment, defendant opted to plead guilty without requesting a hearing on the racial disparity claim. On this record, defendant failed to establish a factual basis for his claim that he was denied the right to equal protection under the law (see id.).
Finally, defendant's contention that the sentence was harsh and excessive is precluded by his appeal waiver (see People v Dobbs, 157 AD3d 1122, 1122-1123 [2018], lv denied 31 NY3d 983 [2018]).
Garry, P.J., Clark, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: According to the presentence report, defendant identifies as black.